OPINION
 STATEMENT OF THE FACTS AND CASE
On October 10, 2000, Plaintiffs-Appellees filed a Complaint in Small Claims Court on account for materials and labor in connection with installation of windows at Appellant's residence.
On October 20, 2000, Defendant-Appellant filed an Answer.
On October 23, 2000, Defendant-Appellant filed a Motion to Dismiss.
On October 31, 2000, a hearing was held in this matter before the Magistrate.
On October 31, 2000, following the hearing in this matter, the Magistrate filed his report finding in favor of Plaintiffs-Appellees.
On November 1, 2000, Defendant-Appellant filed an objection to the Magistrate's report.
On November 2, 2000, Defendant-Appellant filed a second Motion to Dismiss.
On November 2, 2000, by Judgment Entry, the Court overruled Defendant-Appellant's objection to the Magistrate's Report and approved and adopted same. The Court also overruled Defendant-Appellant's Motions to Dismiss.
It is from this decision in favor of Plaintiffs-Appellees, that Defendant-Appellant appeals, raising the following assignments of error:
 ASSIGNMENTS OF ERROR I. THE MAGISTRATE REFEREE'S REPORT COMMITTED REVERSIBLE ERROR BY FAILING TO DISMISS ACTION OF NO CAUSE DUE TO APPELLEE'S PREMATURE AND UNTIMELY FILING OF CASE FOR WORK WHICH HAS NOT BEEN COMPLETED UP TO THIS DATE.
 II. APPELLANT'S COMPLAINT REGARDING UNFINISHED BUSINESS, DAMAGES AND POOR WORKMANSHIP WAS INSPECTED AND CONFIRMED BY A REPRESENTATIVE FROM THE WINDOW MANUFACTURER'S COMPANY ON OCTOBER 10, 2000, WHICH WAS REQUESTED BY APPELLANT. THE WINDOW MANUFACTURER'S REPRESENTATIVE SPECIFICALLY RECOMMENDED THE REPLACEMENT OF TWO WINDOW SASHES, HOWEVER THE RECOMMENDATIONS WERE NOT ADHERED TO BY APPELLEES EVEN TO THE DATE OF THIS DOCUMENT. THE WINDOW SCREEN WHICH HAD BEEN BUSTED AND DAMAGED BY APPELLEE'S RECKLESS OPERATION ON THE DAY OF THE WINDOW INSTALLATION HAS NOT YET BEEN REPAIRED OR RETURNED TO APPELLANT EVEN TO THE DATE OF THIS DOCUMENT.
 III. APPELLANT ASSERTS THAT DENIAL OF MOTION TO DISMISS AND/OR THE OPPORTUNITY FOR EVIDENTIARY HEARING FILED ON OCTOBER 23, 2000, IN ORDER TO EXPLORE ISSUES AT HAND VIOLATED APPELLANT'S DUE PROCESS UNDER THE LAW. ADEQUATE PREPARATION OF ISSUES WERE NOT CLEAR AT THIS POINT SUCH AS WHETHER APPELLEE WAS BONDED, INSURED OR QUALIFIED TO CARRY OUT PROFESSIONAL JOB DESCRIPTION.
 IV. APPELLANT UNEQUIVOCALLY AND THOROUGHLY WAS DISREGARDED, EXCLUDED AND DENIED THE RIGHT TO ENGAGE IN COURT'S PROCEDURE REGARDING THE DISCUSSION OF NON-WRITTEN CONTRACTUAL AGREEMENT. MAGISTRATE TOOK THE OPINION OF APPELLEE AS THE ABSOLUTE FACT AND BASED HIS FINAL DECISION ON NON-FACTUAL ASSERTION, THUS DENYING APPELLANT HIS BASIC CONSTITUTIONAL RIGHTS AND DUE PROCESS UNDER THE LAW.
 V. MAGISTRATE AGAIN SELECTIVELY AND WILLINGLY EXCLUDED AND DENIED APPELLANT'S RIGHT TO REVIEW, DISCUSS OR ATTAIN A COPY SUBMITTED BY APPELLEE DURING COURT'S PROCEDURE FROM THE WINDOW MANUFACTURER WHICH CONTRIBUTED TO THE COURT'S FINAL DECISION. SUCH DOCUMENT REMAINS A MYSTERY TO APPELLANT AND HIS PREVENTION TO EXAMINE ITS CONTENT DENIES HIM THE CONSTITUTIONAL RIGHTS AND BASIC DUE PROCESS UNDER THE LAW.
 VI. APPELLANT ACKNOWLEDGES AND ASSERTS THAT MAGISTRATE REFEREE L. GREEN, SHOULD HAVE RECUSED HIMSELF FROM PRESIDING IN THIS CASE DUE TO A PREVIOUS CONFLICT WITH APPELLANT'S LEGAL MATTER. MAGISTRATE HAD CLEARLY SHOWN COMPLETE DISREGARD AND INDIFFERENCE IN RELATION TO APPELLANT'S PARTICIPATION IN PERTINENT ISSUES THAT HAD ADVERSELY AFFECTED THE OUTCOME, THUS DENYING HIM HIS CONSTITUTIONAL RIGHTS AND BASIC DUE PROCESS UNDER THE LAW.
 VII. APPELLANT WAS NOT PERMITTED TO PRESENT TO THE COURT THE ISSUE OF ALCOHOL DRINKING WHILE ON THE JOB BY BOTH APPELLEE AND HIS SON WHO CAUSED MOST OF THE DAMAGES TO APPELLANT'S PREMISE [SIC] AND WINDOW INSTALLATION. THIS ISSUE IS DIRECTLY RELEVANT TO THIS CASE AND MAY HAVE EXPLICIT RAMIFICATIONS IN ENDANGERING THE LIVES OF THE COMMUNITY WHERE APPELLEE RESIDES.
 I., III.
We address appellant's First and Third Assignments of Error together, as they both pertain to the trial court's decision overruling the motion to dismiss.
Appellant claims that the trial court erred in failing to dismiss the cause of action in this matter. We disagree.
Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is denovo. Greeley v. Miami Valley Maintenance Contrs. Inc. (1990),49 Ohio St.3d 228. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992), 65 Ohio St.3d 545. Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. Byrd v. Faber
(1991), 57 Ohio St.3d 56.
Upon reviewing the Complaint in this matter this Court finds that such complaint does not fail to state a claim, beyond doubt, upon which the plaintiffs can prove no set of facts in support of their claim which would entitle them to relief.
We therefore find Assignments I and III not well-taken and hereby overrules same.
 II., IV., V., VII.
The "so-called" assignments of error postulated by the Appellant are merely propositions of law; they do not comply with the requirement of App. R. 16(A)(2) and tempt us to overrule them all upon the authority of App. R. 12(A). However, in the interest of justice, however, we extrapolate from these propositions a single assignment of error, to wit:
 THE JUDGMENT OF THE CANTON MUNICIPAL COURT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279,376 N.E.2d 578.
In the case sub judice, Appellant did not request findings of fact and conclusions of law. A trial court is not required by statute to announce findings of fact and conclusions of law, and where, as here, Appellant failed to make a request for findings of fact and conclusions of law, we will allow the judgment to stand if the record supports any theory of recovery.
In the matter sub judice, we find the record supports a judgment in favor appellees on account for the purchase and installation of the windows. Appellee testified that the actual price of the windows was $633.69. (T. at 7). Appellee also testified that Appellant agreed to pay $821.71 for the purchase and installation of three windows. (T. at 7, 8). Appellee also testified that Appellant agreed to pay $718.00 for the windows, $150.00 for labor plus tax. (T. at 13, 14).
We find there was sufficient, competent, credible evidence upon which the trial court could base its decision. As the rules governing the presentation of evidence in a small claims court are relaxed, we find appellees met their burden of establishing the value of the purchase and installation for the windows. We find the trial court's judgment is supported by the record.
For these reasons, Appellant's II., IV., V. and VII. assignments of error are overruled.
 VI.
Appellant claims that Magistrate should have recused himself in this matter due to a previous conflict. We disagree.
Appellant does not cite to any part of the record, and a review of the record does not reveal any evidence of Appellant requesting that the Magistrate recuse himself in this matter.
Furthermore, Appellant provides no support for such allegation.
Appellant included this assignment of error in his brief, but he has not argued it. Pursuant to App. R. 12(A)(2), this court may disregard an assignment of error if the party raising it fails to identify in the record the error on which the assignment of error is based, or fails to argue the assignment separately in the brief as required by App. R. 16(A).
Appellant's assignment of error VI is overruled.
The decision of the Canton Municipal Court, Stark County, is affirmed.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Canton Municipal Court, Stark County, Ohio is affirmed. Costs to Appellant.
Boggins, J., Hoffman, P.J., Wise, J.